## 56028. HIBBERT v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of burglary. The indictment charged that defendant without authority and with intent to commit theft entered a certain drugstore.

The state's witnesses established that defendant was observed during the evening hours inside a drugstore that was closed; that he exited the building by crashing through a front plate glass window; and that he had no authority to enter the building. Defendant testified that after becoming intoxicated he entered the pharmacy through an opening in a window; that after realizing he had no right to be in the building he panicked and ran through the front window. He denied that he had any intent to steal while inside the pharmacy. The jury returned a guilty verdict. On appeal, error is asserted because of the failure of the court to give several written requests to charge. *Held:*

1. The trial court refused to charge on the lesser crime of attempted burglary and on the affirmative defense of abandonment. There was no error. Defendant denied entering the building with an intent to commit theft. Absent any evidence of this intent, he could not be found guilty of either burglary or attempted burglary, for this frame of mind is an essential element of both crimes. See Code §§ 26-1002 and 26-1601. Likewise, the defense of abandonment was not raised. It would only be pertinent if defendant's conduct otherwise constituted an attempt to commit burglary and then he voluntarily renounced his criminal purpose. Code § 26-1003.

2. The court refused to charge on the definition of a

felony. The trial court defined burglary for the jury in the terms stated in Code § 26-1601 which included the phrase "with intent to commit a felony or theft therein." The indictment charged the defendant with an unlawful entry with intent to commit theft therein. Accordingly, the reference to the intent to commit a felony was not material to the indictment here and was mere surplusage in the charge. The trial court was not required to further define the term felony. See *Smith v. State,* 130 Ga. App. 390 (1) (203 SE2d 375).

3. Defendant in his brief argues the failure to give his request to charge on voluntary intoxication. However, he has not enumerated as error this failure to charge. We have no jurisdiction to consider this ground even though argued. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 23, 1978 — DECIDED JULY 3, 1978 —
REHEARING DENIED JULY 28, 1978.

*Howard, Cook & Mullinax, Charles A. Mullinax,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.