## 36546. COBB v. THE STATE et al.

NICHOLS, Justice.

This court granted appeal from the denial of defendant's habeas corpus petition claiming double jeopardy.

The defendant was tried for the offense of murder. Some of the witnesses for the state were unavailable at trial and the only eye-witness failed to identify the defendant. The only evidence tending to establish defendant's guilt was testimony that two calls were made to the police indicating the defendant and the victim were involved in a conflict and that some shotgun shells were found at his home of the same brand and size shot as found along with a shotgun somewhere between the murder scene and defendant's home. The defendant introduced no evidence.

The jury deliberated only thirteen minutes before sending a note to the trial judge asking if the jury could declare a mistrial. The jury was then brought back into the courtroom and the foreman responded: "Your Honor, the members of the jury really don't feel that either side presented enough evidence. I think we will eventually reach a decision, but I think that we would like for this case to be tried again. Now I do believe we can go back and eventually reach a decision, but there are a lot of questions on the minds of each one of us on the jury."

Counsel for defendant objected to the declaration of a mistrial, but failed to make a motion for a directed verdict of acquittal. The trial court overruled defendant's objection and declared a mistrial based on the jury's recommendation.

The question is thus presented as to whether there was "manifest necessity" to terminate the trial over defendant's objection (*Jones v. State,* 232 Ga. 324, 327 (206 SE2d 481) (1974)), as

against defendant's right to have the "particular tribunal" decide the issue.

In the present case the jury had only deliberated thirteen minutes and used some of this time to elect a foreman. It is evident that this jury did not want to fulfill its duty because of the lack of evidence presented.

In United States v. Dinitz, 424 U. S. 600, 611 (96 SC 1075, 47 LE2d 267) (1976), the Court said: "The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrial where 'bad-faith conduct by judge or prosecutor,'. . . threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant."

"Thus, the strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to harass or achieve a tactical advantage over the accused." Arizona v. Washington, 434 U. S. 497, 508 (98 SC 824, 54 LE2d 717) (1978).

There being no showing of a "manifest necessity" for declaring a mistrial, particularly in view of the jury foreman's statement that "I think we will eventually reach a decision," the order denying defendant's habeas corpus petition is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 17, 1980 — REHEARING DENIED NOVEMBER 5, 1980.

*Perry, Walters, Lippitt & Custer, C. Richard Langley,* for appellant.

*William S. Lee, District Attorney, J. Brown Mosely, Assistant District Attorney,* for appellees.