## 36643. CHATHAM v. THE STATE.

UNDERCOFLER, Justice.

We granted certiorari to determine (1) the merits of the defendant's plea of double jeopardy, and (2) whether the Court of

Appeals correctly held that the defendant could not complain about the court's charging language taken from a case he cited at the foot of a written request to charge specific language.

This case is a sequel to *In re Brookins,* 153 Ga. App. 82, 88 (264 SE2d 560) (1980), in which the Court of Appeals held that the trial court abused its discretion in finding appellant's counsel in contempt following a dispute between counsel and the State's attorney over which one of two cases was first to be tried. Counsel was fined $975 and ordered to jail to serve a 10-day sentence. The jury had been impaneled and sworn. The court declared a mistrial and discharged the jury.

In finding the trial court had abused its discretion, the Court of Appeals held in *In re Brookins:* "In sum, all parties were under a misapprehension. Counsel had the obligation to appear for, and was prepared to try — the case previously directed to be tried by the court — not the case suddenly called without prior notice of the change — by the district attorney. The procedure followed by court and district attorney was fundamentally unfair, and imposition of a citation for contempt was an abuse of discretion under the totality of the circumstances, where all fault was upon the court and the district attorney, and counsel had been misled — but was at all times respectful and courteous and his remark which precipitated the citation was in response — albeit late, to a request of the court and was susceptible of multiple meanings — some of which were not in contravention of the court's order."

When appellant's case was called for trial the second time, appellant's new counsel filed a motion in bar of trial which was overruled. The case went to trial, appellant was convicted and the Court of Appeals affirmed, *Chatham v. State,* 155 Ga. App. 154 (270 SE2d 274) (1980). We reverse.

1. We do not disagree with the Court of Appeals that once the trial court had sent appellant's counsel off to jail it had no choice other than to call a mistrial. However, *In re Brookins* established that "[t]he procedure followed by the court and district attorney was fundamentally unfair" in finding counsel in contempt, and "all fault was upon the court and the district attorney, and counsel had been misled but was at all times respectful and courteous. . ."

That jeopardy had attached at appellant's aborted first trial is not in dispute. The only issue is to decide if there was such a "manifest necessity" of calling a mistrial that an exception existed to the double jeopardy rule.

We think that it would be unfair to hold in one instance that the trial court and the district attorney were totally at fault in the contempt finding which resulted in the mistrial and allow the State to

take advantage of such an abuse by again putting appellant in jeopardy.

In *Cobb v. State,* 246 Ga. 619 (272 SE2d 296) (1980), we held there was no "manifest necessity" to call a mistrial when the trial court dismissed the jury after its foreman told the court that it would like to see the case tried again. In *Cobb,* we cited United States v. Dinitz, 424 U. S. 600, 601 (96 SC 1075, 47 LE2d 267) (1976), that the double jeopardy clause bars retrial "where 'bad-faith conduct by judge or prosecutor,' . . . threatens the '(h)arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant."

We hold that under the facts of this case, no "manifest necessity" for declaring a mistrial existed since the court and district attorney have been found to have been totally at fault in creating the condition by which the court declared the mistrial. The trial court erred in denying appellant's motion in bar.

2. In a written request to charge, the defendant requested that specific language be given relating to the doctrine of coercion. After the requested instruction, he cited several cases as references. The trial court amended the defendant's request to charge by adding certain language out of one of the cases that the defendant had cited. The Court of Appeals has held in the second division of its opinion that the defendant cannot complain of the giving of the language the court took from the cited case because, in effect, the defendant requested that it be given by citing the case. We disagree. The specific language of a request to charge is not amended by a citation of authority in support of the request. Citing a case as authority does not preclude a complaint to the additional language added by the court from the cited authority. See, generally, *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976).

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents, and Gregory, J., not participating.*

DECIDED FEBRUARY 10, 1981.

*Word, Cook & Word, Gerald P. Word,* for appellant.
*William F. Lee, District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.