## 63761. McCORMICK v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of seven counts of theft by taking and conspiracy to commit the offense of theft by taking. He appeals on the general grounds, and enumerates error in two charges by the trial court and its failure to charge on ownership of the property.

1. McCormick and Ray were used car dealers and had done business together as Autos Unlimited and White Automotive Enterprises. They opened a bank account at Cobb Bank and Trust Company (Cobb Bank) in regard to White Automotive Enterprises, both signing account signature cards. Ray also opened an account for Autos Unlimited at Citizens Bank of Dallas, Georgia in his name only, although McCormick was aware of this account. In November 1978 Ray deposited seven sight drafts, signed by appellant, in the account at Citizens Bank, all drawn on the account of White Automotive Enterprises, payable to Autos Unlimited. The cashier at Citizens Bank gave immediate credit to Autos Unlimited. When the drafts were presented to Cobb Bank the White Automotive account had been closed and the drafts were not paid, resulting in a loss by Citizens Bank of $22,260.

Although appellant enumerated the general grounds as error, he presented no argument or citation of authority on this enumeration in his initial brief; however, he did present argument in a supplemental brief. Nevertheless, we consider this issue abandoned pursuant to the provisions of Rule 15 (c) (2) of this court. (Ga. Code § 24-3615 (c) (2)). "The purpose of Supplemental Briefs, Rule 12, is to permit counsel to augment, when necessary, argument or citation of authority which accompanied the case in a timely fashion. The rule does not exist to allow the revival of issues deemed abandoned under Rule 15 (c) (2). [Cit.]" *Jackson v. State,* 155 Ga. App. 386, 388 (3) (271 SE2d 32) (1980).

However, in regard to the charge of conspiracy, appellant was found guilty of the actual thefts by taking, the alleged purpose of the conspiracy. Our Supreme Court has held that "inasmuch as the jury found the defendant guilty of the completed crime . . . the guilty verdict . . . of conspiring to commit this crime . . . would not be authorized and must be set aside." *Crosby v. State,* 232 Ga. 599, 602 (3) (207 SE2d 515) (1974). Accordingly, appellant's conviction of conspiracy to commit the offense of theft by taking is set aside.

2. Appellant contends the trial court erred by failing to charge the jury that in order to find appellant guilty of theft by taking he must have intended to deprive the rightful owner (Citizens Bank) of its property. This contention is not supported by the record, for in its

charge the trial court stated: " 'A person commits theft by taking when he unlawfully takes . . . any property of another *with the intention of depriving him of said property . . .'* " (Emphasis supplied.) Additionally, the trial court charged that intent is an essential element of every crime, and enunciated the principles regarding intent set forth in Ga. Code § 26-605. Thus, no error was committed.

3. Appellant complains that the charge on conspiracy was incorrect. In view of our holding in Division 1 that appellant's conviction of conspiracy is set aside, this issue is moot.

4. Lastly, appellant contends the trial court erred by not charging the jury on applicable principles of law relating to ownership of the property allegedly stolen.

At the conclusion of the charge to the jury, the court asked counsel if they had any exceptions to the charge. Although appellant's counsel took exception to the court's charge on conspiracy, he took no exception to the court's failure to charge the jury as to ownership of the property allegedly stolen. This failure to except to the charge constitutes a waiver of appellant's right to enumerate error as to a failure to charge. *Mayfield v. State,* 150 Ga. App. 807 (3) (258 SE2d 613) (1979); *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979). Accordingly, this enumeration is without merit.

*Judgment affirmed as to conviction of theft by taking. Judgment reversed as to conviction of conspiracy. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 29, 1982 —
REHEARING DENIED JULY 28, 1982 — ■

*Thomas J. Hough, Jr.,* for appellant.
*W. A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.