67839. PAYNE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of rape. On appeal he contends the trial court erred by failing to find that appellant's statement to the police was made voluntarily, and by erroneously charging the jury on authorized findings as to guilt of the offenses charged.

1. After appellant's arrest he was taken to the DeKalb County Police Department. After being advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) he signed a waiver of rights form and made a handwritten statement to the investigator. Appellant now contends it was error to admit the statement into evidence because the trial judge made no specific findings as to voluntariness at a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)). This contention is without merit.

Appellant did not object to the voluntariness of the statement at the Jackson-Denno hearing, and made no request for a finding as to voluntariness. Further, appellant did not object to the admissibility of the statement, stating only that he objected to the written statement going into the jury room. Thus, there is nothing for us to review, as it is well-settled that this court will not consider questions raised for the first time on review. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

2. The trial court charged the jury, in part, as follows: "Ladies and gentlemen, if you believe the contentions of the Defendant, it would be your *duty* to acquit. On the other hand, if . . . you believe from the evidence . . . and believe beyond a reasonable doubt that the Defendant did [commit the offenses charged] . . . you would be *authorized* to acquit. If you do not believe him guilty or if you entertain a reasonable doubt as to his guilt, it would be your *duty* to acquit. I'm sorry — if I said — I believe when I said that you'd be *authorized* to acquit, I believe I should have said you'd be authorized

to convict." (Emphasis supplied.) Appellant contends this charge was incorrect and that the court's attempt to correct its mistake confused the jury. We do not agree.

The court's statement that the jury would be *authorized* to acquit appellant if they found beyond a reasonable doubt that he committed the offenses charged was obviously a slip of the tongue, which the court corrected immediately. After telling the jury that if they believed the defendant they had a duty to *acquit*, the next sentence started with the phrase "[o]n the other hand . . ." Further, the only time the trial court used the phrase "*authorized* to acquit" was in connection with the charge as to authorized findings if the jury believed beyond a reasonable doubt that appellant committed the offenses charged. Thus, we do not believe the jury was misled or confused by the court's slip of the tongue and its immediate correction thereof. A mere verbal inaccuracy in a charge resulting from a palpable "slip of the tongue," which clearly could not have misled or confused the jury, is not reversible error. *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981); *Caldwell v. State*, 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983). "A mere slip of the tongue is considered harmless when considered in the light of the entire charge." *Mathis v. State*, 153 Ga. App. 587 (1) (a) (266 SE2d 275) (1980).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 6, 1984.

*Virginia W. Tinkler*, for appellant.
*Robert E. Wilson, District Attorney, Michael M. Sheffield, James M. McDaniel, Assistant District Attorneys*, for appellee.