### 40951. McCORMICK v. GEARINGER.
(322 SE2d 716)

BELL, Justice.

McCormick appeals the denial of his complaint for a writ of habeas corpus. We affirm.

1. McCormick was convicted of seven counts of theft by taking, OCGA § 16-8-2, and one count of conspiracy, OCGA § 16-4-8. On appeal the conspiracy conviction was overturned, and the remaining convictions, for which he had been sentenced to serve a total of forty years,[1] were affirmed. *McCormick v. State*, 163 Ga. App. 267 (293 SE2d 35) (1982). McCormick now contends that the combined sentence was harsh and excessive. We disagree. The sentence was well within the possible maximum, OCGA § 16-8-12 (a) (1), and we find no abuse of discretion.

2. In his second enumeration McCormick contends that his trial counsel rendered ineffective assistance of counsel. This enumeration

---

[1] Four ten-year consecutive sentences, and three ten-year sentences, each running concurrently with the fourth consecutive sentence.

is not supported by argument or citation of authority, and is deemed abandoned. Supreme Court Rule 45.

3. In his final enumeration McCormick asserts that he was prosecuted twice for the same offenses in violation of the Fifth Amendment of the United States Constitution. This enumeration has no merit.

McCormick has undergone two trials. On October 10, 1979 he and a co-defendant, Ray, were jointly indicted in an indictment alleging ten counts of theft by deception, OCGA § 16-8-3. The printed indictment contained a designated space for the defendants to waive formal arraignment and enter their pleas. This space was never used. On October 18, 1979 McCormick's then counsel, Darden, filed a separate document of his own drafting on behalf of his client in which he waived formal arraignment, pled not guilty, and requested a jury trial.[2] McCormick subsequently replaced Darden with another attorney, Hough, who represented him at both trials.

The trial commenced October 22, 1980. After all evidence was presented and jury instructions were given, the court reporter ceased taking down the proceedings. Testimony later presented during the trial of McCormick's suit for habeas corpus showed that the court and attorneys for the parties then began to inspect the evidence and indictment, preparatory to sending them to the jury for use during deliberations. The court pointed out to counsel that no waiver of arraignment and plea had been entered on the indictment, and Ray's attorney moved for a mistrial, asserting that the defendants had not been arraigned, and that this omission meant that no issue had been joined and that the trial was a nullity. The court asked McCormick's counsel whether McCormick had waived arraignment, and Hough replied that he did not know whether McCormick had been arraigned or had waived arraignment. The assistant district attorney trying the case asked the court for a recess in order to give him the opportunity to check the clerk of the court's records to determine whether the defendants had waived arraignment by separate documents. The trial judge refused to grant the recess. The court reporter resumed recordation of the proceedings, and the court declared a mistrial, and stated that the co-defendants and their counsel concurred in his ruling.[3] Nolle prosequi was entered on the indictment July 1, 1981. The defendants were reindicted February 23, 1981 and convicted.

Hough testified at the habeas hearing that he did not recall

---

[2] The record does not reveal whether Ray's counsel ever waived arraignment on behalf of his client.

[3] The trial court's summary of its ruling was the only part of the proceedings surrounding the mistrial which was taken down by the court reporter. The court stated to the reporter as follows: "[W]hat I have ruled is that no formal issue had been joined in the case and the jury was dismissed because there has been no issue joined and no trial has occurred and that has been concurred in by the defendants and their counsel."

whether he had expressly joined in the motion for mistrial, but he conceded that the recorded ruling of the trial court was probably the "more accurate" statement of events. The assistant district attorney testified that he recollected that both defendants' attorneys argued that the trial was a nullity. He said that he had asked the court whether the mistrial would bar reprosecution. According to him, Ray's attorney assured him that it would not; he did not recall McCormick's counsel as having expressly voiced either consent or objection to Ray's statement.

McCormick testified that when the blank space on the indictment was discovered, Ray's attorney "came back and that's when he told my lawyer that I hadn't been arraigned so he was going to ask for a mistrial. I said, 'No, I have been arraigned.'[4] And Mr. Richards, the District Attorney, asked the Judge if he'd wait a few minute[s] so he could run downstairs and get the copy of the arraignment. And at this time Mr. Ray's attorney — called for a mistrial." McCormick testified that he did not recall Hough moving for a mistrial, but he also stated that Hough "depended a lot on Mr. Ray's attorney," and that "Mr. Ray's attorney did all the talking [during the discussion concerning the mistrial]. Like I say, I think [Hough] really leaned on him." He asserted that he had not understood why the trial had ended in mistrial, or that he would be retried. He did not claim, however, that he had objected to the mistrial.

In general, once a jury has been sworn and impaneled and jeopardy has attached, "the power of the trial judge to interrupt the proceedings on his own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations." *Jones v. State*, 232 Ga. 324, 326-27 (206 SE2d 481) (1974). Accord *Cobb v. State*, 246 Ga. 619 (272 SE2d 296) (1980). However, if a defendant consents to a mistrial, he may not thereafter utilize the mistrial as the basis of a plea of double jeopardy. *Lyde v. State*, 241 Ga. 111 (243 SE2d 64) (1978).

On habeas McCormick had the burden to overcome the presumption that the trial court's recital of his consent to the mistrial was correct. It is clear that in the interest of avoiding the possibility of just such a controversy as we are currently reviewing, the better practice would have been for the trial court to grant a recess to allow a search of the court records. Nevertheless, the evidence introduced at the habeas hearing did not contradict the court's recital that McCormick consented to the mistrial; in fact, it proved that McCormick did not object to the grant, and either expressly or tacitly joined in Ray's motion for mistrial. The habeas court therefore did not err in denying

---

[4] As noted, he actually waived arraignment. McCormick did not explain why the attorneys ignored his assertion.

a writ of habeas on this ground.

Furthermore, even if we were to find that the mistrial was granted over McCormick's objection, we would still affirm the habeas court's judgment in this respect, for the reason that McCormick has not shown that he raised the issue of double jeopardy prior to filing his habeas complaint. His failure to file a written plea in bar before his second trial operates as a waiver of his subsequent challenge on double jeopardy grounds. OCGA § 17-7-111; *Bryant v. State*, 224 Ga. 235 (161 SE2d 312) (1968); *Jones v. State*, 148 Ga. App. 637 (4) (252 SE2d 65) (1979); *Holmes v. State*, 120 Ga. App. 281 (1) (170 SE2d 312) (1969); *Reid v. State*, 119 Ga. App. 368 (4) (166 SE2d 900) (1969).

*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents. Smith, J., not participating.*

DECIDED NOVEMBER 21, 1984.

*Donald W. Huskins*, for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General*, for appellee.

WELTNER, Justice, dissenting.

I dissent to the first division of the majority opinion, as I cannot agree with what has been the rule of excluding from appellate review *all* sentences which do not exceed the statutory maximum. From the opinion in this case on appeal, *McCormick v. State*, 163 Ga. App. 267 (293 SE2d 35) (1982), it appears that McCormick (a used car dealer) was involved in a transaction involving seven drafts which were deposited with a bank in November 1978, resulting in a total loss to the bank of $22,270.

For his part in a check-kiting operation, he was sentenced to a total of 40 years in prison.

In my opinion, such a sentence is plainly beyond constitutional limit, and constitutes a deprivation of liberty without due process of law, as prohibited by Art. I, Sec. I, Par. I, of the Constitution of Georgia of 1983, and a denial of equal protection of the laws, as prohibited by Art. I, Sec. I, Par. II, thereof.

I am most assuredly aware of the problems that any appellate court will encounter upon entering the preserve of sentence review. Nor can I suggest a formula to be applied in every case. It is sufficient for me that in *this* case, the sentence is plainly disproportional, and hence violative of the Bill of Rights of our state.