## 75640. BATEMAN v. THE STATE.

(366 SE2d 372)

SOGNIER, Judge.

Appellant was convicted of armed robbery, aggravated assault and possession of a firearm by a convicted felon. The latter offense was tried separately, after appellant's trial on the armed robbery and aggravated assault charges. In his sole enumeration of error appellant contends the trial court erred by allowing evidence of a previous conviction, thereby improperly placing appellant's character in issue.

This issue arose during appellant's trial for armed robbery and aggravated assault. Dan Worley testified that he was a clerk in a pawn shop and had sold an automatic pistol to appellant about three weeks before the robbery and assault occurred. Worley identified State Exhibit 10 as the firearm transaction form filled out by appellant at the time of the sale. Appellant testified in his own behalf and during cross-examination denied filling out the transaction form. He was then asked by the prosecuting attorney if he had filled out the

answer to the question: "Have you ever been convicted in a court for a crime punishable by imprisonment for a term more than one year?" Appellant answered that he did not fill out the form and the prosecuting attorney asked: "But if you did fill that out and put in 'no,' would that be the truth or a lie?" Before appellant could answer the court excused the jury and then informed the prosecuting attorney that the question was improper and he would not be allowed to impeach appellant by asking about the truthfulness of answers on Exhibit 10, because it would tell the jury that appellant had been convicted of a prior felony. When the jury returned the court instructed the jurors to disregard the prosecuting attorney's question as to whether an answer on the form was true or false, because it was not relevant, was not a permissible question, and should be completely disregarded. The court also instructed the jury that it was not concerned with whether or not the answers on the firearms transaction form were true or false.

Appellant contends the questions put his character in evidence, and the court erred by allowing such questions. The simple answer to this contention is that the court did *not* allow the prosecuting attorney to put such evidence before the court; on the contrary, the court stopped the State from presenting evidence of a prior felony conviction. Thus, appellant's contention is not supported by the transcript. Further, at the hearing on this issue, appellant made no objection to the court's action and did not move for a mistrial; in fact, appellant's counsel made no comments whatsoever at the hearing, which consisted entirely of a colloquy between the prosecuting attorney and the court. When the jury returned and was given curative instructions by the court, appellant again made no objection, and it is well settled that this court cannot consider questions raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 23, 1988.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.