### 76243. PRICE v. THE STATE.
(370 SE2d 6)

CARLEY, Judge.

Appellant was tried before a jury on three counts of aggravated assault. The trial court directed a verdict of acquittal as to one count, and the jury returned verdicts of guilty but mentally ill as to the two remaining counts. Following the trial court's denial of his motion for new trial, appellant appealed from the judgments of conviction and sentences entered on the jury verdicts. Appellant's appeal resulted in a reversal of his convictions. See *Price v. State*, 179 Ga. App. 598 (347 SE2d 608) (1986). This court based its reversal upon the trial court's failure to give a proper charge on appellant's insanity defense and the remaining enumerations of error were not considered. When the case was eventually returned to the trial court, appellant filed a "motion in autrefois convict and plea of former jeopardy" as to the two counts on which he had been previously convicted and for which he was to be retried. After a hearing, the trial court denied appellant's motion and plea of former jeopardy. Appellant appeals from the denial of his "motion in autrefois convict and plea of former jeopardy."

"[OCGA § 16-1-8 (d) (2)] governs the effect of a former prosecution upon a subsequent one for the same crime based upon the same material facts and provides that such prosecution is not barred if '[s]ubsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict.' [Cit.]" *Daniels v. State*, 165 Ga. App.

397, 397-398 (1) (299 SE2d 746) (1983). See also *Keener v. State*, 238 Ga. 7 (230 SE2d 846) (1976); *Hogan v. State*, 178 Ga. App. 534, 537 (343 SE2d 770) (1986). The reversal of appellant's convictions in *Price v. State*, supra, was not the result of the insufficiency of the evidence to support the guilty verdicts, but was based upon an improper charge given by the trial court. " '[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, *incorrect instructions*, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.' " (Emphasis supplied.) *Hall v. State*, 244 Ga. 86, 94 (5) (259 SE2d 41) (1979).

Citing *Hall v. State*, supra, and *Wilson v. State*, 254 Ga. 473, 475 (2) (330 SE2d 364) (1985), appellant nevertheless urges that, on his first appeal, the Court of Appeals was required to address the sufficiency of the evidence and that, in light of the failure of the Court of Appeals to have done so, the trial court erred in denying his plea of former jeopardy. A review of the record of appellant's first appeal shows, however, that he did not properly invoke appellate jurisdiction as to the issue of the sufficiency of the evidence to authorize his convictions. The only issue that appellant raised was with regard to the weight of the evidence. Accordingly, not only was this court not required to give consideration to the sufficiency of the evidence on appellant's first appeal, it was without authority to do so. *Hunter v. State*, 155 Ga. App. 561, 562 (2) (271 SE2d 694) (1980). Compare *Lewis v. State*, 248 Ga. 566 (285 SE2d 179) (1981) (wherein the Court of Appeals was required to consider the general grounds when reversing for trial error because the *insufficiency of the evidence had been properly enumerated*). Accordingly, the trial court did not err in denying appellant's plea of former jeopardy.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided May 11, 1988 —

Rehearing denied May 25, 1988 —

*Vernon S. Pitts, Jr., Robert G. Rubin*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

*H. Oehlert III, Richard E. Hicks, Assistant District Attorneys*, for appellee.