## A89A0631. GLISSON v. THE STATE.
### (385 SE2d 4)

BEASLEY, Judge.

Defendant appeals the overruling of his plea of former jeopardy. Defendant's previous convictions for incest and cruelty to a child were reversed by this court in *Glisson v. State*, 188 Ga. App. 152 (372 SE2d 462) (1988).

The sole issue on this appeal is whether the State's attempt to retry defendant for cruelty to a child violates the proscription against double jeopardy contained in the Fifth Amendment to the United States Constitution and the statutory prohibition contained in OCGA § 16-1-8 (d) (2). Defendant has not asserted any right to the protection of the Georgia Constitution, Art. I, Sec. I, Par. XVIII, so we do not consider its independent application.[1]

---

[1] The statement in *State v. Estevez*, 232 Ga. 316, 317 (206 SE2d 475) (1974), regarding the reach of state statute beyond that of the double jeopardy provision of the State Constitution is not conclusive for all time, and in all circumstances.

We earlier reversed the conviction for cruelty to a child on the basis that the testimony of certain witnesses as to what the victim told them about the incidents in question was inadmissible hearsay. The victim, who was sixteen at the time of trial, had refused to testify on the ground her testimony would tend to bring disgrace or public contempt upon her family. See OCGA § 24-9-27 (a). She repeated her refusal despite the trial court's ruling that she must testify. This court held that the victim's testimony was compellable and that a result of the failure to require the witness to give evidence was "that it allowed inadmissible evidence to be presented to the jury, and admissible evidence was shielded from its consideration." *Glisson*, supra at 154 (2).

Having reversed the trial court, it was deemed "unnecessary to address appellant's remaining enumerations of error." Id. at 155 (3). One was that the evidence was not sufficient to sustain the guilty verdict. Defendant now contends that without the inadmissible hearsay testimony the trial evidence failed to sustain the verdict. He also urges that the effect of our prior decision was that the evidence was insufficient.

The Double Jeopardy Clause of the Fifth Amendment prohibits retrial of a defendant whose prior conviction on the same charge has been reversed for lack of sufficient evidence to sustain the jury's verdict. *Greene v. Massey*, 437 U. S. 19 (98 SC 2151, 57 LE2d 15) (1978); *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978); *Hall v. State*, 244 Ga. 86, 93 (5) (259 SE2d 41) (1979). Our Code provision provides similarly. *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975); *Marchman v. State*, 234 Ga. 40, 41 (215 SE2d 467) (1975). In making a determination as to the sufficiency of the evidence the appellate court considers the evidence in its entirety, including, not excluding, that admitted on trial but found inadmissible on appeal. *Hall*, supra at 93.

An important consideration is the distinction between a reversal based upon procedural or trial error and one based upon the insufficiency of the evidence. *Williams v. State*, 258 Ga. 305, 311 (1) (369 SE2d 232) (1988). *Greene* and *Burks*, supra; *United States v. Tateo*, 377 U. S. 463, 466 (84 SC 1587, 12 LE2d 448) (1964). The improper admission of inadmissible evidence is an example of trial error, in which case retrial is not precluded. *Osborne v. State*, 166 Ga. App. 439, 440 (304 SE2d 316) (1983). Failure to give a proper charge is another example. *Price v. State*, 187 Ga. App. 239 (370 SE2d 6) (1988). Of course, if the evidence is insufficient even with the erroneously admitted inadmissible evidence, double jeopardy bars retrial under the Fifth Amendment. *Hall*, supra at 94, fn. 6.

As the Supreme Court reiterated in *Lockhart v. Nelson*, ___ U. S. ___ (___ SC ___, ___ LE2d ___, 57 USLW 4007, 4008) (1988), "eviden-

tiary insufficiency . . . is in effect a finding 'that the government has failed to prove its case' against the defendant, [whereas] ordinary 'trial errors' as the 'incorrect receipt or rejection of evidence implies nothing with respect to the guilt or innocence of the defendant,' but is simply 'a determination that [he] has been convicted through a judicial *process* which is defective in some fundamental respect.'" *Burks*, supra at 15. Or as succinctly put in *Tibbs v. Florida*, 457 U. S. 31, 41 (102 SC 2211, 72 LE2d 652) (1982): "A reversal based on the insufficiency of the evidence . . . means that no rational factfinder could have voted to convict the defendant."

It is clear from this court's former opinion that the majority neither intended to nor actually did pass upon the sufficiency of the evidence, despite *Lewis v. State*, 248 Ga. 566 (1) (285 SE2d 179) (1981). *Lewis* held that this court could not ignore an enumeration of error raising the general grounds when it is contended that the evidence is insufficient to support the verdict even prior to the exclusion of any improperly admitted evidence. Accord *Wilson v. State*, 254 Ga. 473, 475 (1) (330 SE2d 364) (1985); compare *Price*, supra at 240.

Although the reversal was not based on the evidence sufficiency but was predicated on trial error, the question remains whether the evidence did indeed support the verdict. The trial transcript reveals circumstantial evidence from which a rational trier of fact could have found defendant guilty beyond a reasonable doubt, considering all of the evidence admitted, including that which was held on appeal to have been erroneously admitted. *Lockhart v. Nelson*, supra.

Defendant's plea of double jeopardy was properly denied.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 20, 1989 —

*John R. Calhoun, Kenneth D. Kondritzer, W. Paschal Bignault, Penny J. Haas*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.