A89A0165. ALLEN v. THE STATE.
(385 SE2d 29)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of aggravated assault. A timely notice of appeal was filed and, on October 5, 1988, appellant's appeal was docketed. On October 25, 1988, this Court

granted the request of appellant's counsel that the time for filing an enumeration of errors and brief be extended to November 14, 1988. No enumeration of errors or brief was filed within this extension of time. On February 3, 1989, this Court ordered that an enumeration of errors and brief be filed within five days. To date, there has been no compliance with this order, thus subjecting appellant's counsel to citation for contempt of court.

We do not find that the failure of appellant's counsel to file an enumeration of errors and brief authorizes the dismissal of appellant's appeal. See *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985). After conducting our own independent review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Further, our independent examination of the record and transcript has revealed no error of law requiring reversal. Accordingly, appellant's conviction is affirmed.

*Judgment affirmed. McMurray, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

This appeal was docketed in this court on October 5, 1988. Appellant did not file the required brief and enumeration of errors within 20 days of the docketing, but instead requested and obtained an extension to file such on November 14, 1988. Appellant, however, has failed to file any brief and enumeration of error, despite having been ordered to do so on February 3, 1989.

In *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) (1987), this court declined to dismiss a criminal defendant's pro se appeal, despite no enumeration of errors or brief having been filed. In *Conyers*, no extension of time to file was requested or granted, but this court did order the appellant to make the requisite filing after the original due date had passed. If four other judges stood ready to overrule *Conyers*, I would associate with this endeavor, as all should be fed out of the same spoon.

Nevertheless, the case under consideration differs from *Conyers* in that the appellant is represented by *counsel* and an extension to file was requested and granted. Because over seven months have passed since a second or extended due date for filing a brief and enumeration of errors (the first order to file being included in the docketing notice), the appellant's failure to file works a forfeiture of his appeal. "A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of

his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson,* 236 Ga. 239, 240 (223 SE2d 640) (1976). Our State Supreme Court has held that where appellant has counsel, the latter may speak exclusively for the former, and his conduct likewise would seem to be the conduct of appellant. The appeal from the trial court should be dismissed.

I am authorized to state that Presiding Judge Banke joins in this dissent.

BEASLEY, Judge, dissenting.

This case requires dismissal. On February 3 this Court, without another extension of time having been sought by appellant and after the original extension was granted, *sua sponte* further extended the time for filing. It "ordered that appellant file an enumeration of errors and brief within five days hereof, failing which the appeal may be dismissed without further notice."

No enumeration of errors or brief has been filed. The appeal must be dismissed in that it has been abandoned. There is nothing to review.

The Court has itself pursued the appeal and has fashioned an enumeration of error raising the general grounds and ruled on it. Such action is not required. It runs counter to this Court's function to review errors enumerated by the appellant. The Court applied the principle in *Price v. State,* 187 Ga. App. 239, 240 (370 SE2d 6) (1988), which was appellant's second appeal. In reviewing the record of appellant's first appeal, the Court found "that he did not properly invoke appellate jurisdiction as to the issue of the sufficiency of the evidence to authorize his convictions. The only issue that appellant raised was with regard to the weight of the evidence. Accordingly, not only was this court not required to give consideration to the sufficiency of the evidence on appellant's first appeal, it was without authority to do so. [Cit.]"

Even in appeals which are pursued, the Court will not consider alleged errors argued but not enumerated, *Hibbert v. State,* 146 Ga. App. 887, 888 (3) (247 SE2d 554) (1978), or errors enlarged in the brief, *Tucker v. State,* 173 Ga. App. 742, 745 (3) (327 SE2d 852) (1985), or errors argued for the first time in a supplemental brief, *McCormick v. State,* 163 Ga. App. 267 (293 SE2d 35) (1982), or errors not properly raised in the trial court, *Payne v. State,* 171 Ga. App. 150 (1) (318 SE2d 826) (1984), *Bateman v. State,* 186 Ga. App. 21, 22 (366 SE2d 372) (1988), or errors enumerated but not argued, *Quick v. State,* 166 Ga. App. 492, 493 (1) (304 SE2d 916) (1983).

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED JULY 14, 1989.

*Charles H. S. Lyons III*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.