A91A0869. LANG v. THE STATE.
(412 SE2d 866)

SOGNIER, Chief Judge.

David Lang was convicted of child molestation, and he appeals.

1. Appellant contends the trial court erred by admitting testimony under the Child Hearsay Statute. OCGA § 24-3-16. In addition to expert testimony by the doctor who examined the victim that he observed a recent irritation of the victim's vaginal opening, the victim's mother and two police officers were allowed to testify about out of court statements made to them by the victim describing the molestation and identifying appellant as her molester. Although the six-year-old victim took the stand and was questioned by counsel, the transcript reveals that the trial court struck the victim's entire testi-

mony and instructed the jury not to credit that testimony.

Appellant argues that because the trial court struck the victim's testimony, the adult witnesses' hearsay testimony was inadmissible because the victim was not "available to testify" for purposes of OCGA § 24-3-16. We agree and reverse. OCGA § 24-3-16 provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact . . . performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made *if the child is available to testify* in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." (Emphasis supplied.)

"OCGA §§ 24-3-16 and 24-9-5 must be construed together. Since the effective date of OCGA § 24-9-5 (b) [April 19, 1989 (Ga. L. 1989, p. 1639)], out-of-court statements of a victim of child molestation are admissible whenever the victim is available to appear at trial, whether or not the child is capable of understanding the nature of an oath and thus regardless of age or degree of comprehension. [Cit.]" *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990). The alleged molestation occurred in July 1990, over a year after the effective date of OCGA § 24-9-5 (b). Notwithstanding the amended provision, the trial court on its own motion struck the entire testimony of the victim in this case on the basis that the victim was not competent because she had demonstrated she did not understand the nature of the oath. See *In the Interest of K. T. B.*, 192 Ga. App. 132, 133 (384 SE2d 231) (1989). Although appellant does not challenge the striking of the victim's testimony, we agree with the State that the ruling was error.

Even though the victim was deemed by statute to be *competent* to testify, OCGA § 24-9-5 (b), so that legally she was not "unavailable" because incompetent, compare *In the Interest of K. T. B.*, supra (decided prior to the 1989 amendment of OCGA § 24-9-5), the result of the trial court's incorrect striking of the victim's entire testimony was that, regardless whether she was competent or otherwise, factually the victim was not *available* to testify at appellant's trial. "[T]he concepts of availability and competency do not overlap entirely . . . . The term 'available' denotes a witness who can be confronted and cross-examined." (Citations and punctuation omitted.) Id. at 133. "[O]ne of the purposes of the right to confrontation is to test the certitude and credibility of the accuser when brought face to face with the accused. [Cit.] . . . So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected . . . ." *Bright*, supra at 785 (4). See also *McCoy v. State*, 194 Ga. App. 244, 245 (3) (390 SE2d 251) (1990). Since the result of the

trial court's ruling was that appellant could not confront and cross-examine the victim, she was not available to testify within the meaning of OCGA § 24-3-16. This consequence of the trial court's ruling striking her testimony is not obviated by the fact that the ruling resulted from a mistaken application of former OCGA § 24-9-5 to the case sub judice.

It therefore follows that the hearsay testimony by the victim's mother and the two police officers was not admissible under OCGA § 24-3-16 or under any other applicable exception. See *Shaver v. State*, 199 Ga. App. 428, 429 (405 SE2d 281) (1991). The admission of this evidence was thus reversible error, even though appellant failed to object to it since " '[h]earsay evidence has no probative value even if it is admitted without objection.' [Cits.]" Id. at 429-430.

2. Appellant contends the evidence was insufficient to support the verdict. In *Glisson v. State*, 188 Ga. App. 152 (372 SE2d 462) (1988), we reversed the conviction for cruelty to a child on the basis that the testimony of certain witnesses as to what the victim told them about the incidents in question was inadmissible hearsay. Id. at 154-155. The defendant contended in a subsequent appeal that double jeopardy applied to prevent retrial because without the inadmissible hearsay testimony the trial evidence failed to sustain the verdict. *Glisson v. State*, 192 Ga. App. 409, 410 (385 SE2d 4) (1989). "In making a determination as to the sufficiency of the evidence the appellate court considers the evidence in its entirety, including, not excluding, that admitted on trial but found inadmissible on appeal. [Cit.] An important consideration is the distinction between a reversal based upon procedural or trial error and one based upon the insufficiency of the evidence. [Cits.] The improper admission of inadmissible evidence is an example of trial error, in which case retrial is not precluded. [Cit.] . . . Of course, if the evidence is insufficient even with the erroneously admitted inadmissible evidence, double jeopardy bars retrial under the Fifth Amendment. [Cit.]" Id.

Although we are reversing the judgment in the case sub judice for trial error, "this court [can] not ignore an enumeration of error raising the general grounds when it is contended that the evidence is insufficient to support the verdict even prior to the exclusion of any improperly admitted evidence. [Cits.]" Id. at 411. Even excluding the victim's testimony, the striking of which is not enumerated as error, we find that the testimony of the victim's mother and the police officers presented sufficient evidence from which a rational trier of fact could have found appellant guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Spivey v. State*, 197 Ga. App. 11, 12 (1) (397 SE2d 588) (1990); *Hicks v. State*, 196 Ga. App. 311 (396 SE2d 60) (1990).

3. As appellant's remaining enumerations of error assert matters that are unlikely to recur upon retrial, we need not address them.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Clyde M. Urquhart*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *Christopher A. Frazier*, Assistant District Attorney, for appellee.