## A93A1114. SHULER v. THE STATE.
### (446 SE2d 225)

Judge Harold R. Banke.

The appellant was indicted for one count of burglary occurring on November 28, 1991. After the trial commenced on April 22, 1992, the State announced that it intended to prove the offense actually occurred on November 29, 1991. The appellant moved for a directed verdict of acquittal on the ground that there was a fatal variance between the allegata and the probata. The trial court denied that mo-

tion but granted the appellant's alternative motion for mistrial.

On retrial in October 1992 under the same indictment, the jury was struck from a panel of 30, as provided by the amendment to OCGA § 15-12-160 which became effective July 1, 1992. During the retrial, the trial court denied the appellant's plea of autrefois acquit and his motion to strike a jury from a panel of 42 as provided in OCGA § 15-12-160 prior to the 1992 amendment. The appellant was convicted, and now appeals from the denial of his motion for new trial. (The appeal was originally docketed with this court and transferred to the Supreme Court, which in turn transferred the case back to this court.)

1. The appellant contends that, as applied in this case, the 1992 amendment to OCGA § 15-12-160 violated the constitutional prohibition against ex post facto laws. This court rejected a similar contention in *Stargel v. State*, 210 Ga. App. 619 (436 SE2d 786) (1993), involving an amendment to OCGA § 15-12-165 that reduced the number of peremptory challenges for criminal defendants from 20 to 12. As in *Stargel*, we conclude that the change in the law in the instant case affected only the procedure utilized to choose the jury, and not any substantive right of the appellant.

2. The appellant also contends that the trial court erred in failing to grant a directed verdict of acquittal, on the ground that a fatal variance existed between the allegata and the probata. However, under the circumstances of this case, directed verdict of acquittal was inappropriate.

" '(W)here the variance between the allegata and probata surprises and prejudices the defendant by effectively barring an alibi defense he intends to assert . . . the trial court should grant the defendant a continuance in order to afford him sufficient time to prepare his defense to meet a new date.' [Cit.]" *Ballentine v. State*, 194 Ga. App. 560, 562 (3) (390 SE2d 887) (1990). In the instant case, the trial court properly offered the appellant a continuance and granted the appellant's motion for mistrial, after it was determined that the appellant's out-of-state witnesses could not be summoned within a reasonable time. This afforded the appellant sufficient time to prepare his defense.

3. We reject the appellant's contention that the trial court erred in denying his plea of autrefois acquit on retrial under the same indictment. "[I]f a defendant consents to a mistrial, he may not thereafter utilize the mistrial as the basis of a plea of double jeopardy. [Cit.]" *McCormick v. Gearinger*, 253 Ga. 531, 533 (3) (322 SE2d 716) (1984).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

Decided June 21, 1994 —
Reconsideration denied July 12, 1994 — 

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney*, for appellee.