## A99A0111. AKERY v. THE STATE.
### (515 SE2d 853)

JOHNSON, Chief Judge.

This appeal involves the trial court's denial of a plea in bar based on double jeopardy grounds.

Charlie Akery was charged with driving while under the influence of alcohol, driving with an expired license, and making an improper turn. A jury was sworn and impaneled, and the state presented its case. After the state rested, Akery called his expert witness to the stand and began examining him. A few minutes before 5:00 p.m., while Akery was conducting his direct examination of the witness, the trial court announced that it would be in recess until the next morning. The trial court excused the jury (and presumably the witness) for the evening. Akery moved for a mistrial, complaining that the court had told him the trial would continue until 5:00 p.m., and that the witness had plans to travel abroad. The trial court replied that the court could not set its schedule according to the convenience of witnesses and that it was 4:55 p.m., which was "close enough [to 5:00]." The trial court implicitly denied the motion for mistrial and then adjourned for the day.

The expert witness did not appear for trial the next day. Akery did not know his whereabouts, although he surmised that the witness followed through on his plans to travel to Indonesia. The state complained about not being able to cross-examine the witness. In response, the trial court announced that it would instruct the jury to disregard the witness' testimony since he was unavailable for cross-

examination. The state remarked that such a remedy would be inadequate because the expert witness' testimony raised questions about the reliability of breath tests. The state moved for a mistrial.

When asked to respond to the state's motion for mistrial, Akery replied that he was "not going to take a position on that" and that he only took issue with the court's decision to instruct the jury to disregard the witness' testimony. Akery did not reiterate his own motion for mistrial. The trial court again asked Akery for his position on whether a mistrial should be granted. Akery reiterated his argument regarding the court's proposed jury instruction, then remarked that he would not take any position on the motion for mistrial. The trial court stated that it thought the state was entitled to a mistrial. Akery still made no objection to the granting of a mistrial, saying only that he would agree to a continuance. The trial court granted the motion for mistrial, still without any objection from Akery. Akery filed a plea in bar based on grounds of double jeopardy, which the trial court denied.

Akery appeals, arguing that jeopardy attached when the jury was sworn and impaneled, and that the court did not consider other reasonable alternatives before granting a mistrial. Therefore, he argues, the trial court erred in rejecting his plea of double jeopardy. We disagree.

Once a jury is impaneled and sworn, jeopardy attaches and a defendant is entitled to be acquitted or convicted by that jury. *Pleas v. State*, 268 Ga. 889, 890 (2) (495 SE2d 4) (1998). If a mistrial is declared without the defendant's consent or over his objection, he may be retried only if there was a manifest necessity for the mistrial. Id.; *Cooke v. State*, 230 Ga. App. 326, 327 (496 SE2d 337) (1998). If a defendant consents to a mistrial, he may not later use the mistrial as the basis of a plea of double jeopardy. *Lyde v. State*, 241 Ga. 111 (243 SE2d 64) (1978). Consent to the grant of a mistrial can be express or implied. *State v. Johnson*, 267 Ga. 305 (477 SE2d 579) (1996).

Akery did not object at trial to the state's motion for mistrial. Instead, he stated repeatedly that he had no position on the motion. Thus, he impliedly consented to the granting of a mistrial. See *State v. Johnson*, supra; see generally *Cherry v. State*, 230 Ga. App. 443, 445 (3) (496 SE2d 764) (1998) (acquiescence to the ruling of a trial court can be caused by silence). Indeed, Akery made his own motion for mistrial the previous afternoon when the trial court adjourned before he could finish examining the witness. A party cannot complain of a ruling to which he contributed by his own action, trial strategy, or conduct. See generally *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997). The trial court did not err in denying Akery's plea in bar on double jeopardy grounds. See generally *Shuler v. State*, 213 Ga. App. 790, 791 (3) (446 SE2d 225) (1994).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 8, 1999.

*Smith, White, Sharma & Halpern, Jonathan Goldberg,* for appellant.

*Joseph J. Drolet, Solicitor, Ronda K. Currie, Assistant Solicitor,* for appellee.