## A99A0658. KWON v. THE STATE.
### (517 SE2d 83)

BARNES, Judge.

The trial court found Sung Kwon guilty of family violence battery following a bench trial. Kwon appeals, contending the trial court should not have considered hearsay statements his wife made to the police and an investigator of the solicitor. We disagree and affirm.

The record shows that appellant's wife, the victim, asserted her marital privilege and refused to testify against her husband. Officer James Jolly testified that he was the first police officer to respond to a report of a possible domestic disturbance in a hotel parking lot. When he arrived, he observed a woman lying down in the parking lot with a male standing over her who "appeared to be quite agitated." He was walking on the balls of his feet, his arms were tensed, and he was speaking in Korean to the woman, who was on the ground crying hysterically. According to Officer Jolly, the man "was still very angry." Because the woman was visibly injured and crying, the police officers separated the couple and called an ambulance.

Detective James Stewart interviewed the victim on the scene and she told him that she learned her husband was staying at the hotel by using "Star 69" when he called her at home the night before the incident. The next day, she called her husband when she was in the hotel area and told him that she wanted to talk with the woman he was staying with in the hotel. Her husband told her that he would talk to her instead. The victim told Detective Stewart that her husband came outside and hit and kicked her in the head, chest, and back. Detective Stewart observed marks on her back, stomach, and chest.

Officer Gail Higgenbotham testified that she also asked the victim about the cause of her injuries, and the victim told her that "her husband had beat her up and kicked her and hit her."

Kelly O'Brien, a victim advocate employed by the solicitor's office, testified that she interviewed the victim three days later. In this interview, the victim told O'Brien that she had gone to the hotel because her husband was there with another woman and she planned to beg the other woman to let her husband come home. When her husband came out, he beat and kicked the victim everywhere, including her head, and threw her on the floor.

The defendant testified and admitted that he left the hotel room to talk with his wife after she phoned him. He denied hitting or kick-

ing his wife, claiming that his wife was beaten by three women who were friends of the woman with whom he was staying in the hotel. He further testified that these women, whom he could not identify, had run away by the time the police arrived and that he had tried to stop the fight.

We find no error in the admission of the wife's statements by the trial court. OCGA § 24-3-1 (b) provides that necessity will justify the admission of hearsay testimony. "The two prerequisites for the admission of hearsay because of necessity are 1) necessity, and 2) particularized guarantees of trustworthiness." *Luallen v. State*, 266 Ga. 174, 178 (5) (465 SE2d 672) (1996). See also *Drane v. State*, 265 Ga. 663, 664 (1) (461 SE2d 224) (1995).

In this case, the refusal of Kwon's wife to testify based upon marital privilege fulfills the first requirement. Id. We also find sufficient guarantees of trustworthiness. The victim made her statement to the police officers within minutes of her injuries, gave a similar statement to the victim advocate three days later, and has never attempted to recant or disavow her statements. In addition, Officer Jolly responded to the domestic disturbance call within "less than a minute" and the defendant was the only person in the vicinity of the victim at that time. The trial court did not err when it admitted the wife's statements. Id.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

I concur fully with the majority opinion. I am writing specially to specifically point out that hearsay evidence admitted under an exception to the hearsay rule has that probative value which the jury would care to attach to it. See *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (502 SE2d 738) (1998). See also cf. *Glisson v. State*, 188 Ga. App. 152 (372 SE2d 462) (1988). Therefore, such evidence is also excepted from the general rule that hearsay evidence has no probative value even if admitted without objection. Id. See also *Lang v. State*, 201 Ga. App. 836, 838 (412 SE2d 866) (1991).

I am authorized to state that Senior Appellate Judge Harold R. Banke concurs in this opinion.

DECIDED APRIL 29, 1999 —
RECONSIDERATION DISMISSED JUNE 23, 1999.

*Frank G. Smith, Simon H. Ahn*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Tracy S. Drake, Assistant Solicitor*, for appellee.