## 28516. TAYLOR v. COLUMBIA COUNTY PLANNING COMMISSION et al.

Submitted December 14, 1973 — Decided April 23, 1974.

*Bobby G. Beazley,* for appellant.
*Albert M. Pickett,* for appellees.

Grice, Chief Justice.

This appeal must be dismissed for failure to comply with Rule 14 (a) of this court which deals with the timely filing of the enumeration of errors.

The appeal is by Elfred Taylor from the dismissal of a complaint for equitable relief against Columbia County Planning Commission and other parties filed in the superior court of that county.

The salient facts are set forth in chronological order.

On November 1, 1973, the appeal was docketed in this court.

On November 21, 1973, 20 days had elapsed without appellant having filed his enumeration of errors.

On December 4, 1973, counsel for the appellant, pursuant to Rule 14 (a), was ordered to file an enumeration of errors not later than December 10, 1973.

On December 11, 1973, a brief containing an

enumeration of errors was filed, it having been served on opposing counsel on December 9, 1973, by mail.

On December 13, 1973, a separate document designated as appellant's enumeration of errors was filed in this court.

From the foregoing it is manifest that appellant failed to file his enumeration of errors within 20 days, as required by Rule 14 (a); that he did not file it separately from the brief, as required by Rule 18 (a) (2); and that he did not comply with an order of this court directing him to file it by December 10, 1973.

We now consider the consequences of this violation.

It should be noted that Rule 14 (a) as originally drafted and until March 2, 1972, provided that "The enumeration of errors shall be filed with the Clerk of this Court within 20 days after the case is docketed in this office. Concerning appeals transferred from the Court of Appeals see Rule 21 (c). Failure to file the enumeration of errors within the time specified may be deemed as a failure to complete the appeal."

It also should be pointed out that in the application of this rule in its prior form, this court became concerned with the frequent dismissals for failure to file timely enumerations of error, and accordingly after careful and thorough study, rewrote this rule. The primary objectives of this revision were to avoid unnecessary dismissals for late filing of enumeration of errors and at the same time to achieve prompt disposition of appeals.

Consequently the rule was changed by deleting the last sentence and substituting therefor the following: "Failure to file the enumeration of errors within the time specified in these rules shall subject the offender to contempt. Failure to comply with an order of this Court directing the filing of the enumeration of errors *shall* cause the appeal to be *dismissed.*" (Emphasis supplied.) The mandate as to dismissal is clear.

The authority for this is quite evident.

Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; 1968, pp. 1072, 1077) requires that "the appellant and cross-appellant shall file with the clerk of the appellate court, at such time as may be prescribed by its rules, an enumeration of errors . . ."

The Constitution of this state provides that this court has the power to hear and determine cases "under such regulations as may be prescribed by it." Art. VI Sec. II, Par. VII (Code Ann. § 2-3707).

Neither our Constitution nor our statutes prohibit this rule. The expression of intent to avoid dismissals, as set forth in Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40), and the specification of three grounds for dismissal in Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1972, p. 624) do not show lack of authority. They do not involve failure to comply with a direct order of a court to file a late enumeration.

Duty impels us to state that the judicial powers of this court cannot be nullified by construing the foregoing statutes so as to prohibit courts from dismissing appeals except for one or more of the reasons stated therein. The very essence of the doctrine of separation of powers is that neither the judicial branch nor the legislative branch can tell the other how to operate. Thus, since the General Assembly is not empowered by the Constitution to dictate to the judiciary how to write its opinions, or what form its decisions must take, this court may affirm, reverse, transfer or dismiss cases as it deems proper. These are matters which address themselves solely to the judicial branch of our state government.

We are not unmindful of the decision of *Durham v. Stand-By Labor*, 230 Ga. 558 (198 SE2d 145) (three Justices concurring in the judgment but not in all that is stated in the opinion). However, it is clearly distinguishable. It does not involve an *order* to file an enumeration of errors within a specified time, and thus does not pass upon the effect of an order requiring dismissal, as here.

Rule 14 (a) in its present form serves a useful purpose. To allow an appellant an unlimited time to file the enumeration of errors upon which his appeal is based would not only work to the extreme prejudice of the appellee in some cases, but could conceivably result in thwarting a final decision of the appellate court. The enumeration of errors is the very heart of the appeal procedure. This rule, as now written, is in the interest of the speedy and just determination of all appeals. As long

as the rule exists it should be enforced.

Since the change of Rule 14 (a) on March 2, 1972, a highly satisfactory result has ensued. No contempt proceedings have been brought. Only two dismissals have resulted until now.

In the instant case the appellant was afforded a full and fair opportunity to file his enumeration of errors. He had 20 days, from November 1, 1973 until November 21, 1973, like everyone else to file, but did not do so. He had an additional period of 13 days from November 21, 1973 until December 4, 1973, when he was *ordered* to file it. Also, he was afforded 6 days from the *order* of December 4, 1973, until December 10, 1973, to avoid dismissal. Finally on December 13, 1973, he belatedly filed a separate enumeration of errors. In sum, he filed 22 days after the original 20 day period provided therefor had expired.

Under the foregoing circumstances and for the reasons stated, we conclude that the appeal must be dismissed for failure to comply with the order of this court issued pursuant to Rule 14 (a).

*Appeal dismissed. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent.*

GUNTER, Justice, dissenting.

In this case the majority has declined review on the merits and has dismissed this appeal because of the late filing of the enumeration of errors by the appellant. As I understand the law of this state a party litigant cannot be denied review of his case by this court just because the litigant's attorney negligently files the enumeration of errors a few days late. I therefore dissent.

On December 4, 1973, this court ordered that counsel for the appellant file an enumeration of errors in this case no later than 4:30 p.m. December 10, 1973. On December 11, 1973, appellant's brief was filed in this court and it contained an enumeration of errors. A certificate of counsel attached to this enumeration of errors contained in the brief certified that a copy of the appellant's enumeration of errors was served on counsel for the appellee on the ninth day of December, 1973. On December 13, 1973, a separate document designated as

appellant's enumeration of errors, and being identical with the one contained in the brief, was filed in this court. It likewise showed service on opposing counsel on the ninth day of December, 1973.

Under these circumstances it is my position that this court must review this case on its merits, and the appeal cannot be dismissed.

The Constitution of Georgia (Code Ann. § 2-3704) provides in pertinent part as follows: "The General Assembly . . . may prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals."

Pursuant to this constitutional authorization the General Assembly enacted the Appellate Practice Act of 1965. Code Ann. § 6-905, a part of the Appellate Practice Act of 1965, provides as follows: "It is the intention of this law to provide a new procedure for taking cases to the Supreme Court and Court of Appeals, as authorized in the Constitution of 1945, Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704), and, to that end, this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein."

Code Ann § 6-809 (b), also part of the Appellate Practice Act of 1965, provides in part as follows: "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for: (1) failure to file notice of appeal within the time required as provided in this law or within any extension of time granted hereunder; (2) where the decision or judgment is not then appealable; or (3) where the questions presented have become moot."

As I read the Constitution of Georgia and the Appellate Practice Act of 1965 this court cannot deny review of a litigant's case on its merits except for one or more of the three reasons stated in Code Ann. § 6-809 (b).

It is therefore my view that this appeal cannot be dismissed. This case should be reviewed on its merits by this court; and the judgment below should either be affirmed or reversed or vacated with direction.

I respectfully dissent.