## 60199. MINCHEY v. THE STATE.

BANKE, Judge.

The appellant was convicted upon his plea of guilty on separate indictments for possession of marijuana, cocaine, and nontax-paid whiskey. On appeal he contends that the trial court erred in accepting his pleas without determining the factual basis for them. The basis for this contention is the following colloquy between the trial judge and the appellant concerning his understanding of his pleas and his various rights:

"The Court: Do you understand all of the questions that you've answered so far? Defendant: Yes, sir. The Court: Understanding all your rights, do you still want to enter a plea of guilty to these offenses? Defendant: Yes, sir. The Court: Is your decision to plead guilty made freely and voluntarily? Defendant: Yes, sir. The Court: Has anyone used any force against you to cause you to plead guilty? Defendant: No. The Court: Did you in fact commit the offense of possession of marijuana, possession of cocaine, and possession of a certain amount of whiskey, the container of which did not bear and have affixed thereto the Revenue Stamps of the State of Georgia? Defendant: Yes, sir. The Court: Did you do those things? Defendant: The whiskey and to the marijuana, but not the cocaine. The Court: Did you have possession of cocaine? Defendant: Yes, sir, it was found in a jacket on my premises. And I understand the law enough to know I am responsible for it, and charged for it. The Court: Do you still intend to plead guilty to the possession of cocaine? Defendant: I have no choice, yes, sir." *Held:*

1. A state trial judge, in accepting a plea of guilty, now has a similar duty that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure. "That rule, in essential part, is as follows: "The court . . . shall not accept (a plea of guilty) without . . . determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.' " *Purvis v. Connell,* 227 Ga. 764, 767 (182 SE2d 892) (1971). Although the information need no longer be solicited personally by the trial court, that practice and Rule 11's "good list of the considerations of which the trial court must be satisfied before accepting a guilty plea" are recommended. *State v. Germany,* 245 Ga. 326, 328 (265 SE2d 13) (1980).

"A guilty plea is constitutionally valid only if the defendant has made a 'voluntary and intelligent choice' among the various courses of conduct open to him . . . North Carolina v. Alford, 400 U. S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) . . . Because of the importance of

protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, ... and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." Willett v. State of Ga. 608 F2d 538, 540 (5th Cir.) (1979). Of course, an accused may plead guilty while claiming his innocence if he intelligently concludes his interests are served, and if the record strongly evidences guilt. See N. Car. v. Alford, supra. The quoted colloquy between the appellant and the trial court was sufficient notice that appellant's plea to the cocaine charge was "coupled with [a] claim of innocence," and presented a conflict for resolution by the trial court. The conflict was not resolved, and appellant's conviction for possession of cocaine must be reversed. The conviction on the other two indictments are, of course, not affected by this ruling.

2. Next, appellant contends that the trial court erred in failing to investigate whether any promises had been made to him in exchange for his pleas of guilty. The record reveals that during his inquiry into the providence of appellant's plea, the trial court informed appellant that the court would not be bound by any recommendations on the part of a state's attorney. This enumeration of error is without merit.

3. Appellant next contends that the trial court erred in failing to grant him a continuance to present witnesses in extenuation and mitigation. The transcript shows that no continuance was requested. The enumeration is without merit.

4. Appellant enumerates as error the refusal of the trial court to hold a hearing on his motion to withdraw the guilty plea. The record shows that the motion was made after sentence was announced and was dismissed upon a showing that appellant had become a fugitive. There is no indication that the motion was resubmitted after appellant's return to custody. This enumeration of error is without merit.

5. Finally, appellant contends that he was not afforded adequate representation and assistance of counsel. "Effective assistance does not mean that a defendant is entitled to have the best counsel appointed, or any particular counsel, but it does mean that he must have such assistance as will assure him due process of law." Pineda v. Bailey, 340 F2d 162, 164 (5th Cir. 1965). "[T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231

Ga. 638, 639 (203 SE2d 515) (1974).

From our review of the record, we do not find that the appellant was denied effective assistance of counsel.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

ARGUED JULY 1, 1980 — DECIDED SEPTEMBER 8, 1980.

*Alexander L. Zipperer, Robert M. Davis,* for appellant.
*J. Lane Johnson, District Attorney,* for appellee.