76267. JACKSON v. THE STATE.
(368 SE2d 771)

DEEN, Presiding Judge.

The appellant, Austin Jackson, was convicted of voluntary man-

slaughter, possession of a firearm by a convicted felon, carrying a concealed weapon, and carrying a pistol without a license. On appeal, in addition to asserting the general grounds, Jackson contends that the trial court erred in allowing the testimony of a state rebuttal witness whose name was not on the witness list and who violated the rule of sequestration. *Held*:

1. The state called a witness in rebuttal of Jackson's testimony. Jackson objected to the admission of this witness' testimony, but only upon the grounds that (1) the witness had been in the courtroom during the trial in violation of the rule of sequestration, and (2) the witness was too drunk to testify in any event. Accordingly, we will not consider Jackson's present contention that the testimony should have been excluded because the witness's name was not included in the list of witnesses furnished pursuant to OCGA § 17-7-110, which is raised for the first time on appeal. *Proffitt v. State*, 181 Ga. App. 564, 566 (353 SE2d 61) (1987).

2. Jackson also contends that the witness' testimony should have been excluded because of the witness' violation of the rule of sequestration. However, violation of the sequestration rule may affect the weight and credibility of the offending witness, but it does not render that witness incompetent to testify. *Bradford v. State*, 182 Ga. App. 337 (6) (355 SE2d 735) (1987).

3. After the expiration of the time allowed for filing his original brief and enumeration of errors, Jackson filed a supplementary brief that contains additional enumerations of error. "Enumerations of error may not be amended after the time for filing has expired. *Burke v. State*, 153 Ga. App. 769 (266 SE2d 549) (1980). We cannot consider the arguments contained in the amended brief because they do not pertain to the original enumeration of error. An enumeration of error may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. [Cit.]" *Scott v. State*, 177 Ga. App. 474, 477 (339 SE2d 718) (1986).

4. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence authorized a rational trier of fact to find Jackson guilty beyond a reasonable doubt. *Jackson v. State*, 182 Ga. App. 826 (357 SE2d 143) (1987).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 15, 1988.

*Robert G. Rubin*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas*

*Jones, Richard E. Hicks, Assistant District Attorneys*, for appellee.