## 77930. GOLDEN v. THE STATE.
### (379 SE2d 230)

SOGNIER, Judge.

Andre Alexis Golden pled guilty on December 22, 1987 to charges of robbery by force and armed robbery upon a negotiated plea and sentence arrangement. He did not move to withdraw his plea but instead appeals directly from the judgment entered on that plea.

The record reveals that appellant was represented by counsel and that the requirements set forth in Rules 33.7 and 33.8 of the Uniform Rules of Superior Courts were followed by the trial court in considering and accepting his plea. Although the trial court did not make a determination concerning the factual basis for appellant's plea, as urged by Rule 33.9 of the Uniform Rules for the Superior Courts, we have held that it is not necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when the transcript presents evidence that the trial court was aware of the factual basis. *Clark v. State*, 186 Ga. App. 106, 107-108 (2) (366 SE2d 361) (1988). The plea hearing transcript contains the district attorney's summary of the evidence the State was prepared to present at appellant's trial. The summary showed on the robbery by force charge that appellant and Frank Washington accosted Kim Kelsey and forcibly removed sixteen dollars from Kelsey's possession. Kelsey was able to name both appellant and Washington and describe them because he had previously attended high school with them. On the armed robbery charge, the summary showed that a lone gunman, later identified as Lawrence Williams, entered the rear of a fast food restaurant by giving appellant's first name. Williams took a bank bag containing approximately two hundred and sixty dollars from the night manager and a restaurant employee. Police investigation revealed that Williams had been in the company of appellant and Washington and that both appellant and Washington had previously been employed at the restaurant. Williams subsequently turned himself in to the police and gave a complete statement outlining not only his participation in the robbery but appellant's and Washington's as well. Upon his arrest, Washington also gave a complete statement detailing his participation and that of appellant and Williams. Although appellant denied involvement in the armed robbery, neither of the two acquaintances he claimed he was with at the relevant times corroborated his alibi.

On appeal, appellant does not challenge the validity of the guilty plea, and our review of the transcripts to the hearing included in the record on appeal, see Rule 33.11 of the Uniform Rules of Superior Courts, reveals that appellant made a knowing and intelligent plea of guilty. Rather, appellant asserts he was innocent of the crimes because he was not present at the fast food restaurant when it was robbed, that he did not have a gun, and that he did not drive the getaway car. Appellant also asserts that he was drunk at the time of the crime, that Williams would testify that appellant was asleep at the time of the crime, and that the district attorney was lying about other crimes, prosecutions of which were dropped as part of the negotiations. Appellant asserted his innocence at the time he entered his plea of guilty and the plea hearing transcript reveals that the trial

court inquired into and sought to resolve the conflict between appellant's claim of innocence and the plea he was entering. "Of course, an accused may plead guilty while claiming his innocence if he intelligently concludes his interests are served, and if the record strongly evidences guilt. [Cit.]" *Minchey v. State*, 155 Ga. App. 632, 633 (1) (271 SE2d 885) (1980). The transcript reveals that appellant pled guilty in a manner the constitutionality of which was sanctioned by the Supreme Court of the United States in *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). See *Clark*, supra. Thus, the trial court's acceptance of appellant's guilty plea after appellant claimed he was innocent was not error and we find no merit in appellant's evidentiary assertions contrary to the plea he entered.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Birdsong, Pope, and Benham, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

In the notice of docketing dated September 15, 1988, the appellant was instructed by notice and order to file an enumeration of errors and brief within 20 days of the docketing. No such filing having been made, on October 18, 1988, this court again ordered the appellant to file an enumeration of errors and brief by no later than 4:30 p.m. on October 27, 1988. The appellant filed a brief on October 28, 1988, and an enumeration of errors as follows: "Enumeration of Errors: None." The appellant's brief thus was a day late and an enumeration short.

The majority opinion addresses matters not even enumerated as error. The appellant failed to comply twice with the instructions of this court, the second time especially being an order specifying that "[f]ailure to comply with this order may result in dismissal of the appeal and may also subject the offender to contempt." Previous-mentioned sanctions of contempt and dismissal are not suggested in the majority opinion. Under the circumstances, rather than discuss matters not even enumerated as error, and in order to feed all appellants out of the same spoon, this court must dismiss the appeal for noncompliance with two orders of this court. See *Taylor v. Columbia County Planning Comm.*, 232 Ga. 155 (205 SE2d 287) (1974).

I also concur fully with the dissent of Judge Beasley, as she makes several good points. The legislative and judicial branches of government are separate but co-equal. Our latter branch of government enhances respect for the former, as we require that all legislative directions to all parties engaged in appeals be strictly adhered to. On the other hand, since we do not require strict compliance with directions of our own judicial branch, Judge Beasley is correct in stating that "it subjects the court to disrespect for not enforcing its or-

ders." Compare *In the Interest of M. O. B.*, 190 Ga. App. 474 (378 SE2d 898) (1989) (Deen, P. J., concurring specially.) Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge Banke joins in this dissent.

BEASLEY, Judge, dissenting.

Averting, for the sake of current expediency, a well-established procedure which serves the orderly administration of justice, leads to the disrailing of that procedure. Courts keep a vigorous vigil to protect due process as it relates to a defendant's rights. Similar watchful adherence should be given to procedure as it relates to the public's rights. The public in Georgia commands orderly administration of the judicial system. Ga. Const. 1983, Art. VI, Sec. IX. The concept of uniformity is expressly included.

The filing rules have the force of law, as provided by the General Assembly. OCGA § 5-6-40. Although the time requirement of the Supreme Court rule was deemed directory in *Durham v. Stand-By Labor*, 230 Ga. 558, 560 (1) (198 SE2d 145) (1973), that was before adoption of the present constitution. The legislature has not revised OCGA § 5-6-48 (b) or (c) to expand the categories of dismissable appeals, since the effective date of the new constitution, but where there is a violation of a court order regarding filing, "the appeal must be dismissed for failure to comply with the order . . . ." *Taylor v. Columbia County Planning Comm.*, 232 Ga. 155, 158 (205 SE2d 287) (1974). This holding even preceded the new constitution.

Where the court dispenses with prescribed procedure in one case, it entitles others to the same disregard of rules and court orders, else the fundamental principle of equal treatment is disserved and dissolved. Moreover, it subjects the court to disrespect for not enforcing its orders.

The court should examine the results of 1) ignoring its own orders, 2) creating enumerations of error, and 3) automatically reviewing the sufficiency of the evidence in criminal cases whenever a notice of appeal is filed and the case is docketed here. Incongruities are inexplicable. For example, where defendant *does* pursue the appeal and does so in a timely manner, raising various issues, the court is steadfast in refusing either to allow appellant to enlarge enumerations or to amend the enumerations after the time for filing has expired. *Jackson v. State*, 186 Ga. App. 847, 848 (3) (368 SE2d 771) (1988). Thus an appellant's appeal on these points is in effect dismissed.

Such a practice as is illustrated in this case is especially egregious when the appellant states that he has no enumerations of error, that is, nothing to complain about and nothing for this court to review.

I am authorized to state that Presiding Judge Deen and Presid-

ing Judge Banke join in this dissent.

DECIDED FEBRUARY 22, 1989.

*Stephen H. Harris,* for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney,* for appellee.