A89A0312. HARRIS v. THE STATE.
(380 SE2d 345)

SOGNIER, Judge.

John Allen Harris was convicted in a nonjury trial of making harassing telephone calls in violation of OCGA § 16-11-39 (4), and he filed this appeal.

Appellant contends in three enumerations of error that the State failed to prove all essential elements of the crime of making harassing telephone calls, and that the evidence as to intent was insufficient. The evidence adduced at trial, which consisted of stipulations by the State and appellant and transcripts of two telephone answering machine tapes, disclosed that on two occasions appellant made between ten and twenty phone calls to his former wife in a one day period. Appellant did not talk to the victim during any of these calls as she was not at home, but instead left messages on her answering machine, and in several of these messages used hostile and profane language. It was stipulated that the victim is the custodial parent of the couple's son, and that during the time appellant made the calls at issue the victim was withholding visitation and refusing appellant any contact with his son.

OCGA § 16-11-39 (4) provides that a person commits a misdemeanor when he or she "[t]elephones another repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another." Appellant contends that the State failed to prove he telephoned another as required by the statute because the stipulated evidence revealed that he never actually spoke to the victim. We do not agree, as the statute proscribes harassing phone calls "whether or not conversation ensues," and accordingly we read it to mean that a crime is committed whenever one repeatedly places telephone calls to another person with the specific intent described in the statute. Appellant clearly placed telephone calls to the number he knew to be that of his former wife and left messages addressed to her by name, and thus his lack of direct contact with the victim is immaterial.

We also reject appellant's argument that there was insufficient proof of the specific intent to harass or annoy required by OCGA § 16-11-39 (4) and charged in the indictment. Although appellant contends his sole motive was to arrange for contact with his son, the trier of fact was authorized to conclude from the number of calls and tenor of the messages left that appellant made the calls with the intent to harass or annoy his former wife. See *Constantino v. State*, 243 Ga.

595, 598 (1), 600 (4) (255 SE2d 710) (1979). Accordingly, we find the evidence sufficient to authorize the conviction under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1989.

*David J. Walker*, for appellant.

*John C. Carbo III, Solicitor, Jackie Stanton, Keith Martin, Assistant Solicitors*, for appellee.