A91A0844. HAZELTON v. THE STATE.
(406 SE2d 569)

McMURRAY, Presiding Judge.

Via two separate accusations, defendant was charged with violating OCGA § 16-11-39 (4) in that on April 15, 1990, he telephoned Donald Hayes "repeatedly, for the purpose of annoying and harassing, Donald Hayes" and, on July 19, 1990, he telephoned Deborah Nunnally, "repeatedly, for the purpose of annoying, harassing and

molesting Deborah Nunnally." Defendant was tried by the court sitting without a jury.

The evidence adduced at trial demonstrated the following: Because the victims had been receiving a large number of harassing telephone calls, the telephone company placed a tracing device on the telephone of each victim. The tracing device noted the date and time of incoming calls. Additionally, the device recorded the telephone number of the telephone from which the incoming calls were made.

Neither victim was able to identify the caller. The tracing device demonstrated, however, that the victims were called from a telephone in defendant's apartment.

Defendant shared the apartment with a roommate. Defendant and the roommate shared the single telephone in the apartment. They each testified that they did not make the telephone calls to the victims. Defendant's employment records demonstrated that he was at work when one of the telephone calls was made to the first victim.

At the conclusion of the trial, the trial court determined that the State failed to prove that defendant himself made the telephone calls to the victims. Nevertheless, the trial court found defendant guilty with respect to the second victim. It reasoned: "Given the sheer volume of the telephone calls that were made, the Court finds that Mr. Hazelton had a duty, if you will, a responsibility to use his telephone responsibly. I believe his responsibility from a criminal point of view is imposed by this Code Section not to allow indiscriminate use of the telephone.

"Now the Court is particularly impressed by the fact that Mr. Hazelton was arrested in April and by his own testimony knew that the charges had been placed against him at that time and knew what he was charged with. He knew that it was alleged that the phone calls came from his telephone; but notwithstanding that, he failed to take adequate steps to prevent the phone from being used for that purpose in [July]. The testimony as far as tracing is concerned shows that it was used a number of times at a minimum in . . . July, July 19 and 20 of 1990. . . . He had a roommate that he had some real questions about in April. . . . [I]f we assume, and I think we've got to under the facts of this case, if we assume that the phone calls in April were made from his apartment, then I think there was a responsibility on [defendant's] part once he was made aware of this to take particular steps to make sure the phone was not used. . . .

"While the evidence does not remove every possible doubt in this case, the Court does find beyond a reasonable doubt that [defendant] did knowingly permit the telephone under his control to be used for the purposes prohibited, at least insofar as the calls made to Deborah Nunnally are concerned. The Court finds him guilty as to [the second accusation]."

Following the imposition of a probated sentence and a $500 fine, defendant appealed. *Held:*

OCGA § 16-11-39 reads, in pertinent part: "A person who commits any of the following acts commits a misdemeanor: . . . (4) Telephones another repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing or molesting another or his family; uses over the telephone language threatening bodily harm; telephones and intentionally fails to hang up or disengage the connection; or knowingly permits any telephone under his control to be used for any purpose prohibited by this subsection."

A reading of subsection 4 of OCGA § 16-11-39 demonstrates that a person may commit the offense of "harassing phone calls" in separate and alternative ways. The offender commits the offense when he repeatedly telephones another with an intent to harass. He commits the offense when he uses the telephone to threaten bodily harm. He commits the offense when he fails to hang up or disengage the phone. Finally, the offender commits the offense when he knowingly permits another to use a telephone under his control in any of the foregoing ways.

In the case sub judice, the prosecution charged defendant with committing the offense of harassing phone calls by repeatedly telephoning the victims himself. The trial court determined that the prosecution failed to prove beyond a reasonable doubt that defendant himself telephoned the victims. Nevertheless, defendant was convicted of the offense of harassing phone calls on the theory that he knowingly permitted a telephone under his control to be used for the purpose of harassing Deborah Nunnally.

Defendant's conviction cannot withstand judicial scrutiny because the prosecution charged defendant with committing the harassing phone calls offense in one of four particular ways and defendant was convicted of committing the harassing phone calls offense in an entirely different way. *Walker v. State*, 146 Ga. App. 237 (1) (246 SE2d 206). The long and short of the matter is that defendant was convicted on a charge that was not brought against him. *Robinson v. State*, 152 Ga. App. 296 (262 SE2d 577); *Walker v. State*, 146 Ga. App. 237 (1), supra. His conviction must be reversed.

"We fully understand the problem posed to the prosecution. However, whenever exigencies of proof exist as to whether an offense was committed in one of [several] methods proscribed by a statute, the prosecution may charge the accused in separate counts of a single indictment [or accusation] and let the jury select which method the evidence supports. *Hamby v. State*, 76 Ga. App. 549 (1) (46 SE2d 615). See also *Flournoy v. State*, 106 Ga. App. 756, 757 (128 SE2d 528)." *Walker v. State*, 146 Ga. App. 237 (1), 243, supra.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 18, 1991.

*Willie J. Woodruff, Jr.,* for appellant.
*James E. Cornwell, Jr., Solicitor,* for appellee.