## A92A1064. SARVER v. THE STATE.
(426 SE2d 48)

BIRDSONG, Presiding Judge.

Susan Ivey Sarver, pro se, appeals her misdemeanor conviction for making harassing telephone calls in violation of OCGA § 16-11-39 (4). *Held:*

1. Although Sarver has filed neither an appellant's brief nor an enumeration of error, under *Lee v. State,* 203 Ga. App. 487, 488 (417 SE2d 426); *Allen v. State,* 192 Ga. App. 320, 321 (385 SE2d 29); *Conyers v. State,* 183 Ga. App. 591 (359 SE2d 454); and *DeBroux v. State,* 176 Ga. App. 81 (335 SE2d 170), we are not authorized to dismiss the appeal, but instead must " 'make every effort to render a decision on the merits of the case.' " *Lee v. State,* supra at 488.

2. Accordingly, having conducted an independent review of the record on appeal (*Allen v. State,* supra), we find the evidence presented at trial is insufficient under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781; 61 LE2d 560) to sustain Sarver's conviction for violating OCGA § 16-11-39 (4). The accusation charged that Sarver "on the 18th day of April, 1991, in DeKalb County, State of Georgia, committed the offense of harassing phone calls by telephoning Brian Fuller for the purpose of harassing him in violation of OCGA § 16-11-39, the date alleged being a material element of this charge." OCGA § 16-11-39 provides: "A person who commits any of the following acts commits a misdemeanor: . . . (4) Telephones another *repeatedly,* whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another or his family; uses over the telephone language threatening bodily harm; telephones and intentionally fails to hang up or disengage the connection; or knowingly permits any telephone under his control to be used for any purpose prohibited by this paragraph." (Emphasis supplied.) In *Hazelton v. State,* 200 Ga. App. 61, 63 (406 SE2d 569), this court held that "a person may commit the offense of 'harassing phone calls' in separate and alternative ways. The offender commits the offense when he *repeatedly* telephones another with an intent to harass. He commits the offense when he uses the telephone to threaten bodily harm. He commits the offense when he fails to hang up or disengage the phone. Finally, the

offender commits the offense when he knowingly permits another to use a telephone under his control in any of the foregoing ways." (Emphasis supplied.)

As this accusation alleged only that Sarver called Fuller for the purpose of harassing him, to prove that she violated OCGA § 16-11-39 (4) the prosecution was required to establish that she telephoned Fuller repeatedly with the intent to harass. *Hazelton v. State*, supra; compare *Barnett v. State*, 204 Ga. App. 491, 496 (3) (420 SE2d 43); *Feagin v. State*, 198 Ga. App. 460, 461 (2) (402 SE2d 80); *Ross v. State*, 195 Ga. App. 624 (1b) (394 SE2d 418). Both Fuller and Sarver testified, however, that Sarver telephoned Fuller only *once* on April 18, 1991. Since one telephone call cannot satisfy the requirement that she had called him repeatedly, this evidence is not sufficient to prove that she violated OCGA § 16-11-39 (4). On the contrary, this evidence proves that Sarver did not repeatedly call Fuller on April 18, 1991. Although the State argues that proof of one telephone call to Fuller's wife on April 17 and three or four other telephone calls on other dates several months earlier was sufficient to prove the offense, such proof is not sufficient because the prosecution alleged that the date was a material element of the charge. When "the indictment specifically alleges the date of the offense is material, the accused may be convicted only if the State's proof corresponds to the date alleged." *Ledesma v. State*, 251 Ga. 885 (311 SE2d 427). Accordingly, the evidence presented failed to prove a violation of OCGA § 16-11-39 (4), because this section is violated "whenever one repeatedly places telephone calls to another person with the specific intent described in the statute." *Harris v. State*, 190 Ga. App. 805 (380 SE2d 345).

Therefore, having reviewed the evidence in the light most favorable to the verdict, we nevertheless must conclude that no rational trier of fact could have found the defendant guilty of the offense for which she was convicted beyond a reasonable doubt. See *Jackson v. Virginia*, supra. Under the circumstances, the conviction cannot stand.

*Judgment reversed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The court has adopted a policy of combing the record in criminal appeals which have not been pursued, rather than dismissing them, as is done in other cases. Then, instead of appointing counsel to represent the appellant in such cases, or even inquiring whether appellant is entitled to appointed counsel,[1] the court undertakes to re-

---

[1] Appellant expressly waived the services of the public defender below.

present the appellant directly and then decides the case on at least the general grounds. This requires the State, as the opposite party, to file a responsive brief without even an enumeration of error to address. I disagree with this policy, as it casts the court in the additional role of advocate, which is not assigned to it, and it gives the appellant who takes no action an advantage which the appeal-pursuing appellant does not have. See *Lee v. State*, 203 Ga. App. 487, 489 (417 SE2d 426) (1992) (dissent); *Allen v. State*, 192 Ga. App. 320, 322 (385 SE2d 29) (1989) (dissent); *Golden v. State*, 190 Ga. App. 477, 480 (379 SE2d 230) (1989) (dissent); *Conyers v. State*, 183 Ga. App. 591, 592 (359 SE2d 454) (1987) (dissent); *DeBroux v. State*, 176 Ga. App. 81, 82 (335 SE2d 170) (1985) (dissent).

If it is an attempt to avoid a habeas corpus action in the future, it very well may not do so, as it does not necessarily foreclose grounds not created by the court and ruled on in the direct appeal.

Appellant in this case has not only failed to pursue her appeal; she has also failed to obey court orders regarding it.

After the appeal was docketed in this court and appellant had gained an extension of time, she failed to file an enumeration of error or brief within the time extended by order. Consequently, the court ordered appellant, under Rules 14 (a), 23 and 27 (b), to file such by May 6. The order indicated that failure to do this, absent good cause, "may result in dismissal of the appeal and may subject the offender to contempt."

Another extension was sought and given, to May 13, and still no required enumerations or brief were filed. Appellee sought dismissal, but the court denied it. Appellant was not required to show cause why she should not be held in contempt and/or why the appeal should not be dismissed.

Months later, on August 18, the court issued an order identifying three issues it "requested" the parties to brief within 20 days. Only the appellee responded. Thus it appears that, at the least, appellant abandoned the appeal.

Nevertheless, I am bound by the court's policy and, upon the review of the record which the court undertakes, I agree that the evidence does not show "repeated" harassing phone calls on April 18 but rather only that the repeat call in this venue was on April 18, the date alleged in the accusation.

DECIDED NOVEMBER 24, 1992.

Susan I. Sarver, *pro se.*
*Ralph T. Bowden, Jr., Solicitor, Andrew T. Rogers, Cliff Howard,*

*Assistant Solicitors*, for appellee.