## A97A2074. THE STATE v. MACK.
(499 SE2d 355)

RUFFIN, Judge.

Jonathan Mack, Jr. was charged with two counts of harassing phone calls (OCGA § 16-11-39.1) in that he "threaten[ed] the bodily safety of Jennifer Meadows, conveying such threat to Jennifer Meadows by telephone," and "threaten[ed] the bodily safety of Luz Orozco, conveying such threat to Luz Orozco by telephone." Mack moved to dismiss the accusations arguing that the State failed to adequately charge him with any offense against the laws of the State of Georgia. The State opposed the motion to dismiss. The trial court granted Mack's motion to dismiss, citing *Sarver v. State,* 206 Ga. App. 459 (426 SE2d 48) (1992) (physical precedent only) (decided under former OCGA § 16-11-39 (4)), overruled on other grounds, *Whittle v. State,* 210 Ga. App. 841, 842 (437 SE2d 842) (1993). Based on *Sarver,* the trial court ruled that the State failed to adequately charge Mack with violating OCGA § 16-11-39.1 because there was no allegation of repeated calls. The State appealed, and for the following reasons, we reverse.

On appeal, the standard of review is whether the trial court abused its discretion in granting Mack's motion to dismiss. *State v. Yates,* 223 Ga. App. 403, 404 (477 SE2d 670) (1996). The State contends that the trial court incorrectly relied on *Sarver* because it is distinguishable from the instant case. Specifically, the State argues that the defendant in *Sarver* was charged with repeated telephone calls for the purpose of harassing, annoying or molesting, whereas, here, Mack was charged with a single telephone call for the purpose

of conveying a threat. The State further contends that the statute provides four distinct ways to commit the offense of harassing phone calls. We agree.

"Although criminal statutes must be strictly construed, they must first be construed consistent with genuine legislative intent and in a manner which avoids absurd and contradictory results ([cits.])" *Reynolds v. State*, 209 Ga. App. 628, 630 (1) (434 SE2d 166) (1993). OCGA § 16-11-39.1 (a)[1] provides: "[a] person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another person or the family of such other person; *uses over the telephone language threatening bodily harm*; telephones and intentionally fails to hang up or disengage the connection; or knowingly permits any telephone under such person's control to be used for any purpose prohibited by this subsection." (Emphasis supplied.)

Clearly, the language of the statute shows that a person can be charged with committing the offense by conduct constituting either a single telephone call that threatens bodily harm *or* repeated calls for the purpose of annoying, harassing, or molesting another. Moreover, under the former version of OCGA § 16-11-39 (4), which defines the offense, we held that "a person may commit the offense of 'harassing phone calls' in separate and alternative ways." *Hazelton v. State*, 200 Ga. App. 61, 63 (406 SE2d 569) (1991).

In this instance, the State properly charged Mack by accusation with a violation of OCGA § 16-11-39.1. The State was not required to allege that Mack repeatedly telephoned the victims when the State was charging him with using the telephone to threaten bodily harm. See *Hazelton*, supra. Accordingly, the trial court is reversed.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998 —
RECONSIDERATION DENIED MARCH 24, 1998 ▮

*Roxann G. Daniel, Solicitor, Jose E. Guzman, Russell B. Poole, Assistant Solicitors,* for appellant.

Jonathan Mack, Jr., *pro se.*

---

[1] The language contained in OCGA § 16-11-39 (4) is similar to the language contained in the 1995 amendment, OCGA § 16-11-39.1 (a).