A08A2234. WILLIAMS v. THE STATE.

(675 SE2d 596)

BARNES, Judge.

A jury found Lafayette Williams guilty of one count of harassing phone calls, and on appeal from his conviction, Williams argues that the evidence was insufficient to sustain his conviction and the sentence was excessive. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Sherman v. State*, 284 Ga. App. 809 (644 SE2d 901) (2007). "The credibility of witnesses, including the victim, and the weight to be given to their testimony, are matters within the province of the trier of fact." (Citation omitted.) *Sims v. State*, 275 Ga. App. 836, 837 (1) (621 SE2d 869) (2005). As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict. See id.

So viewed, the evidence demonstrates that Williams and the victim were in a romantic relationship for a number of years, and had two children together. The relationship was volatile, and the two were involved in numerous conflicts regarding the custody and support of the children. On February 26, 2007, after the victim picked the children up from Williams' home, the two apparently exchanged heated phone messages. On one of the messages, Williams said that the victim was "going to die, bitch, and . . . that . . . there was going to be a car accident, and he was not going to have anything to do with it." Williams also said that he was "sorry that this [was] going to happen to the children." The victim testified that the phone call made her fear for her life, that she felt threatened, and that she felt that "[Williams] was going to have someone tamper with [her]

vehicle." The victim called the police, and the responding officer listened to the voice mail, and obtained the victim's statement. He attempted unsuccessfully to contact Williams. An arrest warrant was issued for Williams for terroristic threats. Williams was later charged by accusation with two counts of harassing phone calls. One count alleged that Williams used "over the telephone, language threatening bodily harm," and the second count accused Williams of telephoning the victim "repeatedly for the purpose of annoying and harassing" her. Williams admitted at trial that he was angry with the victim. The jury found Williams guilty of only the "threatening bodily harm" count.

1. OCGA § 16-11-39.1 (a) provides that

> [a] person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing, or molesting another person [or] uses over the telephone language threatening bodily harm. . . .

A person may commit the offense of "harassing phone calls" in separate and alternative ways. *Hazelton v. State*, 200 Ga. App. 61, 63 (406 SE2d 569) (1991). Either a single telephone call that threatens bodily harm or repeated calls for the purpose of annoying, harassing, or molesting another may constitute the offense of harassing phone calls. *State v. Mack*, 231 Ga. App. 499 (499 SE2d 355) (1998).

Here, Williams called the victim and frightened her by threatening her with language that implied bodily harm. This act sufficed to sustain a conviction on this charge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sams v. State*, 271 Ga. App. 617, 618-619 (610 SE2d 592) (2005).

2. We likewise find no merit to Williams' argument that his sentence was excessive. We note that Williams admittedly provides no statutory or legal authority for this contention, but merely "opines" that the sentence is excessive compared to other sentences for the same offense in Lowndes County. "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2). Williams failed to support this contention with citation of authority or to refer to the record, and thus, we deem this argument abandoned. *Kohlhaas v. State*, 284 Ga. App. 79, 84 (2) (d) (643 SE2d 350) (2007).

Nevertheless, we note that, pursuant to OCGA § 16-11-39.1 (b), any person who commits the offense of harassing phone calls shall be guilty of a misdemeanor which is punishable, "[b]y a fine not to exceed $1,000.00 or by confinement in the county or other jail,

county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a total term not to exceed 12 months, or both." OCGA § 17-10-3 (a) (1).

Here, the trial judge sentenced Williams under the First Offender Act to 12 months probated, 240 hours of community service, completion of an anger management counseling program, no contact with the victim, and a $500 fine. Williams was also prohibited from going to the victim's home and the children's school. Since Williams' sentence, as signed by the trial judge, did not exceed the amount authorized by OCGA § 17-10-3 (a) (1), his sentence was proper. See also OCGA § 42-8-72 (community service, as a condition of probation, not to exceed 250 hours, authorized for misdemeanor).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 18, 2009.

*William R. Folsom*, for appellant.
*Richard W. Shelton, Solicitor-General, Sandra K. Guest, Assistant Solicitor-General*, for appellee.