# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2026

*The Court of Appeals hereby passes the following order:*

**A25A2199. KIMMIYAA, LLC et al. v. COFFEE BIANCO, LLC et al.**

Kimmiyaa, LLC, Ali Fathi, Scott R. King, and Scott King & Associates, LLC d/b/a SK Law Group (collectively "Kimmiyaa") sued Coffee Bianco, LLC and Zara Foroutan (collectively "Coffee Bianco") for breach of contract, conversion, fraud, and other claims. After a jury found in Coffee Bianco's favor on all claims, Coffee Bianco received an award of attorney fees pursuant to OCGA § 9-15-14(a) and (b). We granted Kimmiyaa's application for discretionary appeal from the fee award on November 6, 2024, and ordered Kimmiyaa to file a notice of appeal within 10 days. Kimmiyaa filed its notice of appeal 19 days later, on November 25, 2024.  We dismissed the appeal for lack of jurisdiction.  Kimmiyaa moved for reconsideration, asserting that it had timely e-filed a notice of appeal but that the trial court had rejected it because of typographical errors. Kimmiyaa asserted that it had submitted a corrected notice of appeal on November 25, 2024, which the trial court deemed timely. We granted the motion for reconsideration and reinstated the case.

Following reinstatement on September 19, 2025, Kimmiyaa's enumeration of errors and appellate brief were due October 9, 2025, pursuant to Court of Appeals Rule 23(a). On October 6, 2025, Kimmiyaa sought an extension of time in which to file. We granted an extension until October 15, 2025, specifically providing in the order that: "Failure to file by *4:30 p.m. on that date* shall result in dismissal of [Kimmiyaa's] appeal. See *Tolbert v. Tolbert*, 234 Ga. 708 (217 SE2d 162) (1975)[.]" (Emphasis added).

Kimmiyaa did not file its enumeration of errors and appellate brief until after this deadline had passed. Kimmiyaa attempted to file at 4:32 p.m. on October 15, 2025, but because its filing contained an erroneous case number, the Clerk's Office rejected the filing. Kimmiyaa then filed an enumeration of errors and appellate brief at 9:23 a.m. on October 16, 2025.

Kimmiyaa "has failed to comply with [our] order or offer any reason for failing to comply with the order. Accordingly, this appeal is dismissed[.]" *Clark v. Green*, 248 Ga. 769 (285 SE2d 729) (1982) (dismissing appeal for failure to timely file enumeration of errors and brief in violation of court order); *Tolbert*, 234 Ga. at 708; *Taylor v. Columbia County Planning Comm'n*, 232 Ga. 155, 155-56, 158 (205 SE2d 287) (1974) (dismissing appeal after appellant was ordered to file brief and enumeration of errors no later than December 10, 1973, but filed brief on December 11, and enumeration of errors on December 13, 1973); *Seigler v. Smith*, 228 Ga. 270 (185 SE2d 377) (1971) (dismissing appeal for late-filed enumeration of errors and brief where appellant "failed to perfect the appeal" without showing providential cause); Court of Appeals Rule 23(a).

Accordingly, Coffee Bianco's motion to dismiss this appeal is hereby GRANTED, and this appeal is DISMISSED.

# In the Court of Appeals of Georgia

A25A2199. KIMMIYAA, LLC v. COFFEE BIANCO, LLC et al.

McFADDEN, Presiding Judge, dissenting.

I respectfully dissent.

We undoubtedly have authority to sanction violations of our orders and to dispose of appeals that have been abandoned. But the General Assembly has withheld from us authority to impose the ultimate sanction of dismissal for tardy briefing. See OCGA § 5-6-48(b). See also *Shouse v. Shouse*, 376 Ga. App. 422 (919 SE2d 98) (2025) (McFadden, P.J., dissenting).



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 03/06/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

2